IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PETITIONER

LIU LUN

Cause No. 5:26-cv-00208-DCB-BWR

V.

RAFAEL VERGARA,                                                          RESPONDENT
*Warden of Adams County Correctional
Center*

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed *pro se* by Liu Lun, who was formerly an immigration detainee housed at Adams County Correctional Center in Natchez, Mississippi, and a Motion to Dismiss [8] filed by Respondent who notifies the Court that Petitioner has been released from detention pursuant to an Order of Supervision.

According to the automated case information system provided by the Department of Homeland Security's Executive Office for Immigration Review, Petitioner is a native of China who, on September 11, 2025, was ordered removed and granted withholding of removal to China under Section 241(b)(3) of the Immigration and Nationality Act. *See* acis.eoir.justice.gov (last visited May 27, 2026).

In his Petition, received on March 24, 2026, Petitioner requested immediate release from detention. Pet. [1] at 7. In his Motion to Dismiss filed May 26, 2026, Respondent informed the Court that Petitioner was released from Immigration and Customs Enforcement (ICE) detention pursuant an Order of Supervision. Mot. [8] at 1. Respondent provided a Release Notification, signed by an ICE Unit Chief, notifying

Petitioner of his release pending removal from the United States. Release [8-1] at 1.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The Petition is moot because Petitioner is no longer detained. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition does not present a live case or controversy for purposes of satisfying Article III.

## RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice as moot.

## NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 27th day of May 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE